1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE AUDUBON SOCIETY, et al.,

Plaintiffs,

v.

GALE NORTON, et al.,

Defendants.

Case No.  C05-1835L

ORDER ON PLAINTIFF'S
MOTION TO COMPEL

## I.  Introduction

This matter comes before the Court on "Plaintiff's Motion to Compel Defendants' Initial Disclosures and for an Award of Costs and Attorneys' Fees" (Dkt. # 16).  Plaintiffs Seattle Audubon Society and Kittitas Audubon Society (hereinafter "Audubon" or "plaintiff") seek to compel defendants Gale Norton, Secretary of the Interior and H. Dale Hall, Director of the U.S. Fish and Wildlife Service (hereinafter "the Secretary" or "defendant") to comply with the initial disclosure requirements from the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 37(a)(2)(A). Defendant contends that because this action will be resolved on the basis of the administrative record, it needs only to submit a copy of the administrative record pursuant to the local rules.

ORDER ON PLAINTIFF'S
MOTION TO COMPEL - 1

1  Local Rule CR 79(h).[1]

2  ## II.  Background Facts & Procedure

3        The instant discovery dispute arises out of the Audubon's action against the Secretary for

4  failing to develop and implement a recovery plan for the Northern Spotted Owl pursuant to the

5  Endangered Species Act ("the ESA" or "the Act").  16 U.S.C. § 1533(f) (recovery plan

6  requirement).  The Act requires that the Secretary develop a recovery plan after a species is

7  listed as threatened or endangered, though includes no timeline for this mandate.  16 U.S.C.

8  1533(a)(1).  The Northern Spotted Owl was listed as threatened on June 26, 1990.  55 Fed. Reg.

9  26114.  Almost sixteen years later, the Secretary has not yet implemented a recovery plan.

10        Plaintiff relies on two statutory provisions in support of the instant action.  First, plaintiff

11  argues that the Secretary's inaction is subject to a citizen suit pursuant to the provisions of the

12  ESA.  16 U.S.C. § 1540(g)(1)(A), (C).  These provisions allow "any person" to "commence a

13  civil suit on his own behalf" against the government for violation of the ESA or for failure to

14  perform an act or duty under § 1533(f).  Second, plaintiff argues that the Secretary's inaction is

15  actionable under the Administrative Procedure Act ("the APA"), allowing judicial review to

16  "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

17        The parties disagree as to the extent of discovery permitted under both causes of action.

18  Plaintiff contends that the citizen suit provision of the ESA, by referencing a "civil suit,"

19  provides statutory authorization for a full civil action with discovery beyond the limitations of an

20  administrative record.  Moreover, the statute specifically uses "substantial evidence"

21  language—which is normally associated with administrative record-limited judicial reviews—in

22  reference to another section of the citizen suit provision, and not to the section relevant to the

23

24       [1] Defendant notes that it did not comply with this rule initially because it was engaged in

25  settlement negotiations with plaintiff, but intends to comply upon the resolution of the instant

26  dispute.

27  ORDER ON PLAINTIFF'S
   MOTION TO COMPEL - 2

28

instant suit.  Defendant finds the statute inconclusive, and instead relies on precedent that seems to suggest a more limited review.  <u>Cabinet Mountain Wilderness v. Peterson</u>, 685 F.2d 678, 685 (D.C. Cir. 1982).

As to the APA cause of action, plaintiff argues that Ninth Circuit precedent allows extensive discovery where the agency is sued for its failure to make any decision, rather than for having made the wrong decision.  <u>E.g.</u>, <u>Independence Mining Co. v. Babbitt</u>, 105 F.3d 502, 511–12 (9th Cir. 1997).  Defendant concedes that Ninth Circuit cases have allowed record supplementation in actions under the "unreasonably delayed" provision of the APA, but that a factual inquiry into each of those cases demonstrates that the supplementation was always by the government agency, and always for the limited purpose of explaining the agency's justification for its delay.  Moreover, the statute is relatively unambiguous in its statement that the administrative record should serve as the only basis for the Court's assessment of the validity agency's action or inaction, subject to a few judicially created exceptions.  5 U.S.C. 706 ("In making the foregoing determinations, the court shall review the whole record or those parts of its cited by a party . . . .").

### III.  Discussion

**A.     Statutory Authorization for the Instant Suit**

Although plaintiff does not purport to allege the causes of actions in its complaint in the alternative, it is clear that these causes of action cannot be pursued simultaneously.  The Ninth Circuit has held that where "the ESA citizen suit provision creates an express, adequate remedy . . . the APA does not govern the plaintiff's claims."  <u>Wash. Toxics Coal. v. EPA</u>, 413 F.3d 1024, 1034 (9th Cir. 2005).  This is so because the APA "by its terms independently authorizes review only where 'there is no other adequate remedy in a court.' "  <u>Bennet v. Spear</u>, 520 U.S. 154, 161–62 (1997) (quoting 5 U.S.C. § 704); <u>cf</u>. <u>Natural Res. Def. Council, Inc. v. Dept. of Interior</u>, 13 Fed.Appx. 612, *621 (9th Cir. 2001) (adhering to ESA, not APA, injunctive relief standards

ORDER ON PLAINTIFF'S
MOTION TO COMPEL - 3

1   in an action brought under both the ESA citizen suit provision and the APA).  In the instant case,

2   plaintiff alleges that the Secretary has failed to fulfill its duty pursuant to §1533(f), and the ESA

3   provides for citizen suits "where there is a failure of the Secretary to perform an act or duty

4   under [§ 1533(f).]"  Therefore, discovery should proceed according to the requirements of the

5   ESA, not the APA.

6   **B.    Scope of Review Under the ESA Citizen Suit Provision**

7          The Court's analysis of the availability of discovery for an action proceeding under the

8   ESA citizen suit statutory provision must begin with the statutory text.  Unfortunately, the ESA

9   offers no guidance.  Many courts, faced with this lack of information, have returned to the APA

10  for guidance: "[C]ircuits which have considered the issue have adopted standards of review

11  based on the relevant portions of the APA governing what the agency has done (or failed to

12  do)."  Water Keeper Alliance v. Dept. of Defense, 271 F.3d 21, 31 (1st Cir. 2001) (detailing the

13  decisions of a number of circuits employing APA standards for a variety of ESA violations

14  litigated pursuant to the citizen suit provision).[2]  The Supreme Court recommends this approach:

15  "Indeed, in cases where Congress has simply provided for review, without setting forth the

16  standards to be used or the procedures to be followed, this Court has held that consideration is to

17  be confined to the administrative record and that no de novo proceeding may be held."  United

18  States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963).

19  _____

20         [2] The Court notes that this refers to the *standard*, not *scope*, of review.  However, the
    Court finds the provision equally ambiguous as to scope and standard, and notes that the parties
21  failed to make any persuasive arguments to the contrary.  See Plaintiff's Motion at 7–8
    (describing the *scope* as "de novo," a term usually used in reference to standards of review);
22  Defendant's Response at 10–11 (describing the *standard of review* as not de novo, but not
    addressing scope); and Plaintiff's Reply at 4–5 (making the most coherent, but ultimately
23  unpersuasive, arguments for unlimited discovery).  Moreover, in its reply brief, plaintiff
    tactically omits damaging language from Chandler v. Roudebush, that undermines its argument.
24  425 U.S. 840, 862 n.37 (1976) (citing the "confined to the administrative record" language from
    United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963)).
25

26

27  ORDER ON PLAINTIFF'S
    MOTION TO COMPEL - 4

28

Notwithstanding this practice, another court in this district flatly refused to adopt "the peculiar doctrines" of the APA, and the Ninth Circuit ratified this exercise of discretion. <u>Wash. Toxics Coal. v. EPA</u>, CV01-132C, 2002 U.S. Dist. LEXIS 27654, *17 (W.D. Wash. July 2, 2002) (Coughenour, J.) <u>affirmed by</u> <u>Wash. Toxics Coal.</u>, 413 F.3d at 1034.  Ultimately, however, the scope of the record to be admitted for an ESA citizen suit is a question of the district court's discretion, and this Court concludes that employing the APA evidentiary guidelines is a valid exercise thereof.  <u>See</u>, <u>e.g.</u>, <u>San Francisco BayKeeper v. Whitman</u>, 297 F.3d 877, 886 (9th Cir. 2002) (employing abuse of discretion standard for district court's decision to consider evidence outside the administrative record).

## C.     Scope of Review Under the APA

Because plaintiff argues that defendant has violated the ESA by failing to implement a recovery plan within a reasonable period of time after listing a species as threatened, this action is best analogized to an "unreasonably delayed" action under § 706(1) of the APA.  Thus, the Court will exercise its discretion to employ the scope of review as would be set forth in the APA for a 706(1) failure to act action.  The statutory language of § 706(1) is unambiguous: "In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party . . . ." 5 U.S.C. § 706(1).  The "whole record" language refers to the administrative record.  <u>See</u> <u>Fla. Power & Light Co. v. Lorion</u>, 470 U.S. 729, 743–44 (1985).

Although the statutory language is clear, the limitation of the scope of review to the administrative record is subject to some judicial exceptions:

> We have, however, crafted narrow exceptions to this general rule. In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith." These limited exceptions operate to identify and plug holes in the administrative record.

<u>The Lands Council v. Powell</u>, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal citations omitted).

ORDER ON PLAINTIFF'S
MOTION TO COMPEL - 5

1  While plaintiff has identified numerous circumstances where courts have allowed

2  supplementation in a 706(1) action, all of the incidents fall within these established categories,

3  and are not manifestations of a precedential preference for unlimited discovery in unreasonable

4  delay actions.  <u>See</u> <u>San Francisco BayKeeper</u>, 297 F.3d at 886 (allowing limited

5  supplementation by agency to provide justification for agency's inaction); <u>Friends of the</u>

6  <u>Clearwater v. Dombeck</u>, 222 F.3d 552, 560–61 (9th Cir. 2000) (allowing limited

7  supplementation by agency for purpose of proving that action was moot).

8  This decision does not preclude the possibility of the use of these exceptions in the

9  instant action.  Indeed, it seems clear that in cases where plaintiff complains of a failure to act,

10  there is a greater chance that some extraneous piece of information might be necessary to shed

11  light on the agency's inaction—there simply are more holes in the administrative record for the

12  parties to identify and plug.  In these types of actions, the Ninth Circuit has seen fit to approve

13  of efforts by both parties to supplement the administrative record.  <u>Independence Mining</u>, 105

14  F.3d at 511–12 ("Accordingly, the district court was not prohibited from considering [the

15  agency's supplemental memo], especially where the court permitted *both sides* to submit

16  supplemental evidence." (emphasis added)).  This supplementation, however, is best pursued on

17  a case-by-case basis, using the administrative record as the presumptive limitation of scope.

**D.  Revised Scheduling Procedure**

19  The resolution and timing of the instant order requires the Court to modify its scheduling

20  order of March 7, 2006 (Dkt. # 15).  The new order will set forth deadlines for the government

21  to submit the administrative record and for the parties to move to supplement the record, as

22  necessary.  The Court will issue a revised scheduling order immediately following the instant

23  order.

**IV.  Conclusion**

25  For the foregoing reasons, IT IS HEREBY ORDERED that "Plaintiff's Motion to

27  ORDER ON PLAINTIFF'S
MOTION TO COMPEL - 6

Compel Defendants' Initial Disclosures and for an Award of Costs and Attorneys' Fees" (Dkt. # 16) is GRANTED IN PART and DENIED IN PART, as follows: (1) plaintiff's request for a holding that judicial review is not limited to the administrative record is granted to the extent that the permissibility of supplementation will be determined on a case-by-case basis in accordance with the relevant, limited exceptions; (2) plaintiff's request for initial disclosures is denied; (3) plaintiff is not entitled to discovery; (4) plaintiff's request for a new case schedule is granted per the schedule to be set forth in the subsequent order; and (5) plaintiff's request for attorney's fees is denied.

DATED this 24th day of May, 2005.

Robert S. Lasnik
United States District Judge

ORDER ON PLAINTIFF'S
MOTION TO COMPEL - 7